[No. 14778.   Department Two.   September 3, 1918.]

THE CITY OF EVERETT, *Appellant*, v. J. B. SNYDER *et al.*, *Respondents.*[1]

PRINCIPAL AND SURETY — ALTERATION IN CONTRACT — RELEASE OF SURETY.   A contractor's surety is prejudiced, and therefore discharged from liability to the city, where the work was suspended for an indefinite time without notice to the surety, and the full contract price paid before the work was fully completed, contrary to the terms of the contract and bond.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered March 2, 1918, upon findings in favor of the defendant surety company, dismissing an action on contract, tried to the court.   Affirmed.

*Wm. A. Johnson,* for appellant.

*J. Y. Kennedy,* for respondents.

MOUNT, J.—On April 14, 1915, the city of Everett let a contract to J. B. Snyder for the construction of concrete walks and pavement on Fulton street in that city.   The contract price for doing the work was $6,242.50.   The work was to be performed within sixty days.   The United States Fidelity & Guaranty Com-

[1]Reported in 174 Pac. 643.

pany gave a bond to the city of Everett conditioned that Snyder would faithfully and fully perform the work provided for in the contract. After the contract was entered into, Snyder began the work, and in June the officers of the city required Mr. Snyder to leave certain sidewalks unfinished because of a fill which had been made during the progress of the work, and the officers of the city were of the opinion that this fill should lay over one rainy season and not be completed until the next year. The amount of sidewalk left unfinished was 455.1 square yards, and 4.8 square yards of alley crossing. During the progress of the work, the defendant Snyder had assigned to the First National Bank of Everett all payments which should become due him on the contract. The contract provided that seventy per cent of the contract price should be paid as the work progressed, and thirty per cent thereof should not be paid until thirty days after the work was completed and accepted. After the work was suspended, the city of Everett paid to the First National Bank of Everett the whole amount to become due on the contract. The surety upon the contract had no notice of the discontinuance of the work and no notice of the payment by the city of the full contract price. Thereafter, in the next summer, Mr. Snyder refused to complete the contract, and this action was brought to recover from Snyder and the surety company the estimated cost of completing the contract. Upon these facts the court concluded that Mr. Snyder was liable for the cost of the uncompleted work and entered judgment against him for that amount, and concluded that the surety company was not liable and dismissed the action as to the surety company. The city has appealed from that part of the judgment dismissing the action as to the surety company.

The appellant argues, in substance, that the surety must be held liable because the thirty per cent reserved in the contract until after the completion of the work was solely for the benefit of labor and materialmen, and not for the benefit of the surety company; and that the premature payment by the city did not release the surety company unless it was prejudiced thereby. We think it is plain from the facts stated above—about which there is no dispute—that the surety company was prejudiced, both by the extension of time for the completion of the contract without notice or consent, and by the payment of the full amount of the contract price to the contractor or his order, without notice to, or consent of, the surety company, before the work was completed. The surety company became surety upon the contract as it was written. The contract was to be completed within a definite time. Payments were to be made in a definite manner. We think it cannot be said that, where the work was suspended for an indefinite time upon the agreement of the city and Mr. Snyder, the surety company would be bound thereby without notice; and it seems plain, also, that, where the city paid the full contract price before the work was fully completed, this was a material alteration of the contract without notice to the surety, and would release the surety from the obligation undertaken. In the case of *Black Masonry & Contracting Co. v. National Surety Co.*, 61 Wash. 471, 112 Pac. 517, we said, at page 477:

"The general rule is, if the building owner advances to the builder more than he is entitled to under the contract, the surety will be released. The rule rests upon two reasons. The one is that such advance deprives the surety of the security which the owner or principal contractor has agreed to hold for his benefit, and the loss of the inducement which otherwise would have operated on the contractor's mind to induce him

to finish the work in accordance with the terms of his obligation.''

And on page 479 we said further:

''In all the cases decided by this court, and by all other courts holding that payment by the owner would not discharge the principal, the facts have been such that no prejudice resulted by reason of such payments to the surety. But in this case the surety was prejudiced, in the two essentials noticed and endorsed as sufficient by all the books; that is, that they were deprived of that security which their contract gave them; and furthermore, the contractor was relieved of the inducement to perform the labor and furnish the material stipulated in his contract.''

See, also, *Maryland Casualty Co. v. Washington National Bank*, 92 Wash. 497, 159 Pac. 689.

We think it is plain in this case that the surety was prejudiced in at least two particulars: First, the life of the contract was extended for about a year, during which time the evidence shows the price of material and labor was substantially increased; second, the full contract price was paid by the city to the contractor or his creditor before the work was done. There was no incentive left to the contractor to finish the work, and even though the thirty per cent which was required by the contract to be held until after the work was fully completed was primarily for the benefit of laborers and materialmen, it was a fund which the surety had a right to rely upon to pay whatever claims might be filed against the bond. The act of the city in delaying the work until the next year and in paying the full contract price before the work was completed, and without the notice or consent of the surety company, made a very different contract from the one which the surety company undertook to guarantee.

We are satisfied, therefore, that the trial court properly concluded that the surety was released from its obligation upon the bond.

The judgment is therefore affirmed.

MAIN, C. J., HOLCOMB, CHADWICK, and MACKINTOSH, JJ., concur.